UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:18-cr-00012-TWP-VTW-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ROSA ZINSER | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cr-00012-TWP-VTW |
| | ) | |
| ROSA ZINSER, | ) -01 | |
| | ) | |
| Defendant. | ) | |

### ORDER

This matter is before the Court on Defendant Rosa Zinser's ("Zinser") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Zinser's motion is **denied**.

### I. Background

In November 2020, Zinser pled guilty to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and one count of brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Dkts. 56, 58. The Court sentenced her to 12 months of imprisonment for the Hobbs Act robbery and 84 months of imprisonment for brandishing a firearm, to be served consecutively, for a total sentence of 96 months. Dkt. 58. The Court also imposed a 3-year term of supervised release.

Approximately six months after sentencing, Zinser filed a *pro se* motion in which she argues that "extraordinary and compelling reasons" warrant release within the meaning of § 3582(c)(1)(A)(i) because she suffers from medical conditions (arthritis, bipolar disorder, and the need for dentures or implants) that increase her risk of suffering severe symptoms if she contracts COVID-19. Dkt. 62. Zinser acknowledges that she is fully vaccinated against COVID-

2

19, but nevertheless feels she is at risk from severe illness due to the circulating variants and the lack of proper pandemic precautions by the Bureau of Prisons. Dkt. 62 at 4-5. Zinser also argues that she would like to help care for her 71-year-old husband because he suffers from high cholesterol, hypertension and bi-polar disorder.

The United States responded in opposition, asserting that Zinser suffers from no medical conditions that increase her risk of severe COVID-19 infection, and therefore she cannot establish extraordinary and compelling circumstances for her release (Dkt. 66). In addition, the Government argues that Zinser is a danger to the community, and the sentencing factors contained in 18 U.S.C. § 3553(a) weigh heavily against a reduction of Zinser's sentence to time served. *Id.*

Zinser filed a reply, dkt. 69. Thus, the motion is now ripe.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Zinser's first reason for requesting a sentence reduction—the risk to her physical health presented by COVID-19, particularly in light of her medical conditions—is unavailing, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Zinser is fully vaccinated, and she has presented no evidence that she is unable to receive or benefit from the vaccine. Additionally, Zinser "has not presented any evidence establishing that [she] is more at risk for an adverse outcome in prison than [she] would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, she has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). As a result, Zinser cannot show that the risk she faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Zinser's second reason for requesting a sentence reduction—her desire to be at home to care for her husband—fares no better, whether considered alone or in conjunction with other reasons. Zinser states that her husband suffers from various medical conditions, and she would like to be at home to help care for him. There is nothing in the record to suggest that Mr. Zinser is incapacitated and that there are no other available caretakers. Mr. Zinser himself states that he is "doing ok by [himself] but it would be a lot better if my wife could be home with me, to take care of the house and the other chores that go along with it." Dkt. 60-1 at 1. Many prisoners would like

4

to be at home helping with their families, and Zinser's desire to also do so is not an extraordinary and compelling reason to grant compassionate release.

Given the determination that Zinser has not shown extraordinary and compelling reasons to justify her release, the Court need not address whether she is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of her release.

### III. Conclusion

For the reasons stated above, Zinser's motion for compassionate release, dkt. [62], is **denied.**

**IT IS SO ORDERED.**

Date: 6/14/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Rosa Zinser
Reg. No. 16410-028
FMC Lexington
Federal Medical Center
Satellite Camp
P.O. Box 14525
Lexington, KY 40512

All Electronically Registered Counsel